IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**LEASHURN WILLIAMS**                                                     **PLAINTIFF**

v.                  **CASE NO. 5:16-CV-00031 BSM**

**STEPHENS MEDIA LLC**                                        **DEFENDANT**

## ORDER

Defendant Stephens Media LLC's renewed motion for judgment as a matter of law [Doc. No. 120] pursuant to Federal Rule of Civil Procedure 50(b) is denied.

The open and obvious danger rule generally "provides that a landowner has no duty to protect an invitee from a dangerous condition on the property that is known by or obvious to the invitee, unless the landowner should reasonably anticipate that the invitee will be exposed to the danger despite the invitee's knowledge of the condition or its obvious nature." *Chew v. Am. Greetings Corp.*, No. 3:10CV00124 BSM, 2013 WL 812363, at *4 (E.D. Ark. Mar. 5, 2013, *aff'd*, 754 F.3d 632 (8th Cir. 2014). An exception to the open and obvious danger rule exists when an invitee is forced, as a practical matter, to encounter the danger in order to perform her job. *Van DeVeer v. RTJ, Inc.*, 101 S.W.3d 881, 887 (Ark. App. 2003). Stephens Media's position is that it owed no duty to plaintiff Leashurn Williams because she saw the clutter near the back door when she arrived at work and could have avoided the danger when she left work simply by using the front door to exit the building. Williams testified, however, that she was required by Stephens Media to use the rear door. Although Stephens Media's witnesses vehemently denied Williams's testimony, the jury apparently

determined that Williams had no practical alternative to the rear door.

IT IS SO ORDERED this 29th day of November 2017.

_____
UNITED STATES DISTRICT JUDGE